1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT WESLEY COWAN,                        Case No.  1:19-cv-00745-DAD

12            Petitioner,                        DEATH PENALTY CASE

13       v.                                      ORDER (1) VACATING APRIL 7, 2020
                                                 HEARING ON PETITIONER'S UNOPPOSED
14   RONALD DAVIS, Warden of the California      MOTION FOR EQUITABLE TOLLING, and
     State Prison at San Quentin,                (2) GRANTING EQUITABLE TOLLING
15
              Respondent.
16

17

18

19          Before the court for a decision is the March 16, 2020 motion filed on behalf of

20   petitioner Robert Wesley Cowan to equitably toll the deadline under 28 U.S.C. § 2244 for the

21   filing of his federal habeas petition from May 15, 2020 to and including August 13, 2020.

22   Petitioner's counsel noticed that motion for hearing on April 7, 2020 at 9:30 a.m. before the

23   undersigned.  Respondent warden Ronald Davis, through counsel, filed his non-opposition to

24   the motion on March 19, 2020.  The court having considered the parties' filings and the record

25   finds the pending motion amenable to decision without a hearing.

26          Based upon the facts of the case and controlling law, and for the reasons explained

27   below, the motion to equitably toll the applicable statute of limitations will be granted.

28   /////

                                               1

I. BACKGROUND

On August 5, 1996, petitioner was convicted of two first degree murders with special circumstances of multiple murder and murder during a robbery and burglary, and sentenced to death. Kern County Superior Court Case No. 059675A.

On August 5, 2010, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on automatic appeal. *People v. Robert Wesley Cowan*, 50 Cal. 4th 401 (2010). The U.S. Supreme Court denied *certiorari* on March 28, 2011. *Robert Wesley Cowan v. California*, 563 U.S. 905 (2011).

On June 18, 2018, the California Supreme Court discharged its state habeas order to show cause directed to the Secretary of the Department of Corrections and Rehabilitation regarding petitioner's juror misconduct claim. *In re Cowan*, 5 Cal. 5th 235, 249 (2018).

On May 15, 2019, the California Supreme Court summarily denied petitioner's state habeas petition. *In re Cowan*, Case No. S158073.

On May 28, 2019, petitioner began this federal habeas proceeding pursuant to 28 U.S.C. § 2254 by filing *pro se* requests for *in forma pauperis* status, appointment of counsel and a stay of execution.

On May 29, 2019, the court granted petitioner's requests to proceed *in forma pauperis* and for appointment of counsel and denied without prejudice his request for execution stay.

On June 6, 2019, the court adopted the recommendation of the Selection Board for the Eastern District of California and appointed the Office of Federal Defender as sole counsel to represent petitioner in this federal habeas proceeding.

On September 30, 2019, the court held the initial case management conference.

On October 2, 2019, the court issued its order setting the current litigation schedule.

II. DISCUSSION

Petitioner argues the global COVID-19 pandemic has and will prevent timely completion of his federal habeas petition by the statutory deadline of May 15, 2020. 28 U.S.C. § 2244(d)(1)(A). Specifically, petitioner argues that the pandemic and noted national, state and local emergency responses to it have and will impede his counsel's ability to: communicate

2

1 and utilize office resources and personnel; utilize his retained expert; investigate the record,

2 travel and interview witnesses; and communicate with and visit petitioner.

3       The party asserting equitable tolling bears the burden of establishing two elements: (i)

4 that he has been pursuing his rights diligently, and (ii) that some extraordinary circumstance

5 stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Espinoza-Matthews v.*

6 *California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (*citing Pace v. DiGuglielmo*, 544 U.S.

7 408, 418 (2005)); *see also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-

8 89 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct.*

9 *(Kelly V)*, 163 F.3d 530 (9th Cir. 1998) and *abrogated on other grounds by Woodford v.*

10 *Garceau*, 538 U.S. 202 (2003) (finding that the one year statute of limitations under 28 U.S.C.

11 § 2244(d) is subject to pre-petition equitable tolling if "extraordinary circumstances" beyond a

12 prisoner's control make it impossible to file a petition on time).

13       Equitable tolling is limited to rare and exceptional circumstances and typically applied

14 sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th

15 Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of

16 diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107

17 (9th Cir. 1999); *see also Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required

18 is what a reasonable person might be expected to deliver under his or her particular

19 circumstances).

20       Among the factors that courts have considered relevant in deciding whether equitable

21 tolling should be found appropriate are the complexity of the legal proceedings and whether

22 the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-cv-0388 L

23 (NLS), 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

24       Here, the court takes notice of the national and statewide COVID-19 emergency and

25 responsive actions referred to in petitioner's moving papers. (*See* Doc. No. 18 at 2-3.) The

26 court is persuaded that notwithstanding his reasonable diligence prior to and during the

27 emergency, petitioner's investigation and preparation of the federal petition has been and will

28 be impeded by the extraordinary and unforeseeable circumstances arising from the COVID-19

1   pandemic as noted in the moving papers. *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006) (a

2   petitioner must demonstrate reasonable diligence in attempting to file his petition after the

3   extraordinary circumstances began); *see also Smith v. Davis,* Case No. 17-15874, slip. op. at

4   30, 33 (9th Cir. March 20, 2020) (petitioner must show diligence prior to, during and after an

5   impeding event that is extraordinary given the circumstances of the case).

6         The COVID-19 impediment implicates petitioner's right to the assistance of appointed

7   habeas counsel in preparing his petition for federal habeas relief. 18 U.S.C. § 3599(a)(2);

8   *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas

9   proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a

10   federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to

11   research and present a defendant's claims); *see also* Local Rule 191(c) (providing for attorney

12   representation in capital habeas cases).

13         The issues and claims in this proceeding appear to be legally and factually complex.

14   *McCleskey v. Zant*, 499 U.S. 467, 498 (1991) ("[P]etitioner must conduct a reasonable and

15   diligent investigation aimed at including all relevant claims and grounds for relief in the first

16   federal habeas petition."). The core record in this case spans 16,781 pages. In his appeal

17   before the state courts, petitioner raised 20 claims with subclaims. Petitioner's state habeas

18   petition raised 15 claims with subclaims and spawned related show cause proceedings.

19         As noted above, respondent does not oppose the instant motion for equitable tolling or

20   suggest the possibility of prejudice should the requested relief be granted. The court finds no

21   reason to believe that respondent will suffer prejudice from the relatively short delay requested

22   by petitioner. Nothing suggests any significant impact upon the ability of respondent to oppose

23   any challenges raised by petitioner to his underlying 1996 judgment of conviction.

24                          CONCLUSION

25   For the reasons explained above:

26   1.     The hearing set for April 7, 2020 at 9:30 a.m. in Courtroom No. 5 is vacated;

27   2.     Petitioner's motion for equitable tolling of the applicable statute of limitations

28         (Doc. No. 18) is granted;

1     3.      The petition for federal habeas relief shall now be filed on or before August 13,

2                2020;

3     4.      Except as modified, the October 2, 2019 scheduling order that was issued

4                following the initial case management conference (Doc. No. 15) continues in

5                full force and effect.

IT IS SO ORDERED.

Dated:   **March 30, 2020**                                                    

UNITED STATES DISTRICT JUDGE