UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WESLEY COWAN, | Case No. 1:19-cv-00745-DAD |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER GRANTING FURTHER EQUITABLE TOLLING TO AND INCLUDING NOVEMBER 11, 2020 |
| RONALD DAVIS, Warden of the California State Prison at San Quentin, | |
| Respondent. | |

On June 29, 2020, petitioner Robert Wesley Cowan, moved through counsel, to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action. The motion, petitioner's second, requests that the current, as tolled, petition filing deadline of August 13, 2020 be further equitably tolled to and including November 11, 2020. Petitioner set the motion for hearing on August 4, 2020 before the undersigned with the understanding the court would rule on the pleadings. Respondent Warden Ronald Davis, through counsel, filed his opposition to the motion on July 20, 2020. Petitioner filed a reply in support of the motion on July 22, 2020.

The court having considered the pleadings and the record finds the pending motion amenable to decision without a hearing.[1] For the reasons explained below, the court will grant

---
[1] *See* Doc. No. 26.

1

petitioner's motion for further equitable tolling of the applicable statute of limitations to and including November 11, 2020.

## I. BACKGROUND

On August 5, 1996, petitioner was convicted of two first degree murders with special circumstances of multiple murder and murder during a robbery and burglary, and sentenced to death. *See* Kern County Superior Court Case No. 059675A.

On August 5, 2010, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on automatic appeal. *People v. Robert Wesley Cowan*, 50 Cal. 4th 401 (2010). The United States Supreme Court denied certiorari on March 28, 2011. *See Robert Wesley Cowan v. California*, 563 U.S. 905 (2011).

On June 18, 2018, the California Supreme Court discharged its habeas order to show cause directed to the Secretary of the Department of Corrections and Rehabilitation regarding claimed juror misconduct. *In re Cowan*, 5 Cal. 5th 235, 249 (2018).

On May 15, 2019, the California Supreme Court summarily denied petitioner's state habeas petition. *In re Cowan*, Case No. S158073.

On May 28, 2019, petitioner commenced this federal habeas proceeding pursuant to 28 U.S.C. § 2254 by filing pro se requests for the granting of *in forma pauperis* status, appointment of counsel, and a stay of execution.

On May 29, 2019, the court granted petitioner's requests to proceed *in forma pauperis* and for appointment of counsel and denied without prejudice his request for a stay of execution.

On June 6, 2019, the court adopted the recommendation of the Selection Board for the Eastern District of California and appointed the Federal Defender as sole counsel to represent petitioner in this federal habeas proceeding.

On September 30, 2019, the court held the initial case management conference.

On October 2, 2019, the court issued its order providing the initial litigation schedule.

/////

/////

1    On December 17, 2019, respondent lodged the record.[2]

2    On March 30, 2020, the court issued its order granting petitioner's first motion to equitably toll the limitations deadline 28 U.S.C. § 2244 from May 15, 2020 to and including August 13, 2020, taking notice of the COVID-19 pandemic at that time and finding that emergency conditions brought about by that pandemic had and would prevent petitioner's timely completion of the petition to be filed in this action notwithstanding the exercise of reasonable diligence.  (Doc. No. 20 at 3-4.)

## II. DISCUSSION

Petitioner argues that notwithstanding diligent efforts by his defense team, who continue to work on the matter, the extraordinary circumstances posed by the ongoing COVID-19 pandemic have and will prevent completion of his federal petition by the current, as tolled, deadline of August 13, 2020.  Petitioner points to the devastating impacts of the COVID-19 pandemic that include continuing states of emergency at national, state and local levels and within this court; stay-at-home and work-from-home directives; cancellation of prison visits; and limitations upon record assembly, evidence review, claim investigation, discovery, travel, in-person meetings and witness interviews, and expert services and consultation.  (*See* Doc. Nos. 23, 23-1, 23-2, 23-3, 23-4, 23-5, 23-6, 23-7, 23-8, 23-9.)

Respondent opposes petitioner's request for "anticipatory equitable tolling," arguing that the motion is premature and should be denied without prejudice.  (Doc. No. 24 at 2.) Respondent points to the recent Ninth Circuit decision in *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (*en banc*) as authority for the proposition that equitable tolling of § 2244's limitations period is available only retrospectively, i.e. after the filing of an untimely petition. Respondent further argues that "[i]f [petitioner] cannot file a petition that includes all of his intended claims by the current August 13, 2020 deadline, then on or before that day, petitioner could file a "protective petition" that includes the claims he has already fully developed, thus ensuring that those claims are timely filed. Afterward, according to respondent's counsel,

---

[2]  On June 25, 2020, respondent amended the lodged record.

petitioner "could move to amend the petition with any additional claims and, at the same time, seek equitable tolling for them. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a)." (Doc. No. 24 at 4.)

Petitioner replies that the holding in *Smith* does not impose a blanket ban on prospective equitable tolling, and that the COVID-19 pandemic continues to be an extraordinary circumstance that has already prevented the timely filing of a complete federal habeas petition, notwithstanding his counsels' obvious exercise of reasonable diligence.

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *accord Menominee Indian Tribe of Wis. v. United States*, __ U.S.__, 136 S. Ct. 750, 755-56 (2016) (quoting *Holland*, 560 U.S. at 649); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file, however, is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

1         Equitable tolling is limited to rare and exceptional circumstances and typically applied
2 sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th
3 Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of
4 diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107
5 (9th Cir. 1999); *see also Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required
6 is what a reasonable person might be expected to deliver under his or her particular
7 circumstances). Among the factors that courts have considered relevant in deciding whether
8 equitable tolling of the limitations period is appropriate are the complexity of the legal
9 proceedings and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case
10 No. 09-cv-0388 L (NLS), 2010 WL 596443, at \*\*4, 5 (S.D. Cal. Feb. 16, 2010).

11        This "exercise of a court's equity powers must be made on a case-by-case basis" and it
12 "enables courts to meet new situations that demand equitable intervention, and to accord all the
13 relief necessary to correct particular injustices." *Holland*, 560 U.S. at 649–50. The petitioner
14 "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda*
15 *v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); *accord Milam v. Harrington*, 953 F.3d 1128,
16 1132 (9th Cir. 2020). Here, petitioner has satisfied that burden by establishing that the
17 extraordinary circumstances brought about by the COVID-19 pandemic have rendered him
18 presently unable to file a proper federal habeas petition in this action by the current filing date
19 as tolled.

20        The court is also unpersuaded by respondent's argument that the recent decision of the
21 Ninth Circuit in *Smith* effectively eliminates prospective equitable tolling of the AEDPA
22 statute of limitations in all cases. The Supreme Court has not held that equitable tolling of the
23 28 U.S.C. § 2244 deadline is unavailable prior to filing of an untimely petition. Moreover, the
24 Ninth Circuit has long countenanced prospective equitable tolling. *See Beeler*, 128 F.3d at
25 1285, 1289 (finding no basis for upsetting the district court's decision to grant the petitioner's
26 request to prospectively equitably toll the AEDPA statute of limitations and extend the filing
27 date for his federal habeas petition due to a substitution of habeas counsel over which,
28 petitioner had no control); *accord Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002)

("[W]e find that prospectively tolling § 2244(d)(1)'s one year limitation period was reasonable in this case.")

District judges of this court have, of course, long followed *Beeler* and therefore authorized prospective equitable tolling. *See e.g., Williams v. Chappell*, No. 1:12-CV-01344 LJO, 2013 WL 3863942, at \*\*4-5 (E.D. Cal. July 24, 2013) ("Prospective equitable tolling has been practiced in California federal cases since [Beeler].") (citing cases); *Kennedy v. Warden, San Quentin State Prison*, No. 2:13-CV-02041 LKK KJ, 2014 WL 1513371, at \*8 (E.D. Cal. Apr. 16, 2014) (recommending pre-petition tolling, noting that "[P]etitioner has shown a number of courts in this circuit have found equitable tolling appropriate pre-petition. Respondent cites no authority to support his position to the contrary."), *findings and recommendations adopted at* ECF No. 35 (E.D. Cal. Jun. 17, 2014); *Bunyard v. Davis*, No. 2:15-cv-01790 WBS AC DP, 2016 WL 128429, at \*5 (E.D. Cal. Jan. 12, 2016) ("[T]he court concludes that the 68-day delay in appointment of counsel in this case, considered in light of the age and complexity of the case (including the fact of the penalty retrial and the size of the record), constitutes an exceptional circumstance outside petitioner's control that prevents him from filing within the one-year period."); *Whalen v. Warden*, *California State Prison at San Quentin*, No. 1:14-cv-01865-LJO-SAB, 2015 WL 5359833, at \*\*4-6 (E.D. Cal. Sept. 14, 2015) ("Petitioner's request for assistance from counsel was delayed the noted 82 days through no fault of his own. For this reason and those discussed below, he was effectively unable to prepare the petition during the period of delay," and also citing the need to develop and present additional claims, the fact that the record was incomplete and voluminous, that the issues were complex, and the lack of demonstrated prejudice to the respondent).

Other federal district courts in California have relied upon the Ninth Circuit's holding in *Beeler* in granting prospective equitable tolling of the AEDPA limitations period. *See e.g. Tully v. Davis*, No. 18-cv-04763-EMC, 2019 WL 1676080, at \*3 (N.D. Cal. April 17, 2019) (the lack of appointed counsel for 85 days warranted tolling, noting the volume of the record, the complex nature of capital habeas litigation, and respondent's waiver of statute of limitations for the requested period of tolling); *Hoyos*, 2010 WL 596443, at \*6 (217 day delay

in appointment of counsel warranted a period of tolling, concluding that "just over six months of equitable tolling will allow counsel an opportunity to complete record review, investigation, a mental health evaluation of petitioner, and file the habeas petition."); *cf. Weaver v. Davis*, No. 18CV2888 BTM (LL), 2019 WL 2743969, at *3 (S.D. Cal. July 1, 2019) (denying without prejudice pre-petition equitable tolling where petitioner failed to show extraordinary circumstances preventing the timely filing of his federal petition).

In short, under *Beeler*, the law of the Ninth Circuit has long been than prospective equitable tolling of the AEDPA statute of limitations is appropriate in capital habeas cases where a fact specific showing justifying such equitable tolling has been made. In *Smith*, a non-capital federal habeas action, the question of prospective tolling of the AEDPA statute of limitation was not even before the court. Rather, in that case the petitioner had filed his federal petition two months after the expiration of the deadline for seeking federal habeas relief. *Smith*, 953 F3d at 587. The Ninth Circuit, sitting *en banc*, rejected the petitioner's retrospective "stop-clock" argument (i.e. that the limitations period was tolled during the two months delay in providing him with the trial court record), because the petitioner could not show he had exercised diligence during the ten months thereafter that he otherwise had to prepare and file his federal petition.[3] The court found that in that case the petitioner had simply failed to show that he exercised the diligence required for equitable tolling under *Holland* before, during, and after he had obtained the state court record. 953 F.3d at 601-02. In doing so, the Ninth Circuit merely held that the length of any equitable tolling cannot be mechanically determined and that the existence of extraordinary circumstances does not automatically result in equitable tolling absent a showing of the exercise of diligence through the entire time period. *Id*. at 601. That holding does not prohibit prospective equitable tolling of the AEDPA statute of limitations based upon extraordinary circumstances that have already taken place and had their impact (i.e. the COVID-19 pandemic), where a finding has been

---

[3] The "stop-clock" approach extends the limitations period by the duration of the impediment to filing the petition, regardless of whether petitioner was reasonably diligent after the impediment was removed. *See Smith*, 953 F.3d at 586.

7

made by the court that those ongoing circumstances make the filing of a complete federal habeas petition impossible for another ninety days and where petitioner's counsel has demonstrated, and committed to the continued, exercise of due diligence.

Of course, the Ninth Circuit did not address this issue in *Smith* because it was clearly not even before the court in that case.[4]  That decision can't be interpreted as deciding a question it didn't address.  Moreover, the decision in *Beeler* remains binding Ninth Circuit precedent with respect to the court's authority to grant prospective equitable tolling of the AEDPA statute limitations where, as here, it is supported by an appropriate showing.  The Ninth Circuit in *Smith* certainly did not expressly overrule *Beeler;* indeed it did not even mention the decision in *Beeler*.  In *Smith*, the court analyzed the *Holland* factors retrospectively on facts where an untimely federal petition had been filed and the impeding extraordinary circumstance abated long before the AEDPA limitations period had expired. *See Smith*, 953 F.3d at 589-91, 598-600.  In *Beeler*, the court analyzed the *Holland* factors prospectively on facts where the petitioner sought pre-petition tolling in the face of an impediment that was ongoing during the AEDPA limitations period.  *See* 128 F.3d at 1289. The two cases, consistent on the law and distinguishable on their facts, are not irreconcilable.

Of course, "overrulings by implication are disfavored, and, in the best of circumstances, a [court] ought not lightly presume the implicit overruling of an established circuit precedent." *United States v. Chhien*, 266 F.3d 1, 11 (1st Cir. 2001) (citing *Stewart v. Dutra Constr. Co.*, 230 F.3d 461, 467 (1st Cir.2000)); *see also  Cooper v. MRM Inv. Co.*, 367 F.3d 493, 507 (6th Cir. 2004); *Mickens v. Taylor*, 240 F.3d 348, 359 (4th Cir. 2001) ("O]verruling by implication is not favored."), *aff'd*, 535 U.S. 162 (2002); *SEIU Local 121RN v. Los Robles Reg'l Med. Ctr.*, No. 2:18-cv-03928-SVW-RAO, 2019 WL 1063389, at *10 (C.D. Cal. Jan. 15, 2019) ("Until the Ninth Circuit affirmatively answers the question of whether prior authority was implicitly overruled by intervening higher authority, the district court is constrained to apply binding

---

[4] As the court in *Smith* itself acknowledged, "we granted rehearing en banc to resolve a conflict within our cases about the nature of the diligence required for a petitioner to be eligible for equitable tolling." 953 F.3d at 587.

1  Ninth Circuit precedent."); *Scheafnocker v. Comm'r of I.R.S.*, No. CIV S-05-2002 RRB EFB
2  PS, 2008 WL 478009, at *2 (E.D. Cal. Feb. 19, 2008) (rejecting the implicit overruling of
3  binding precedent where the intervening higher authority did not directly reach the issue
4  considered in the prior precedent (i.e. equitable tolling in the context of a tax refund claim
5  versus wrongful levy claims) such that the context of the analysis was different.).   While there
6  may arguably be some conceivable tension between the decisions in *Beeler* and *Smith*, that is
7  an insufficient basis upon which to conclude that the former was implicitly overruled by the
8  latter.  *See Aleman Gonzalez v. Barr*, 955 F.3d 762, 768–69 (9th Cir. 2020); *United States v.*
9  *Walker*, 953 F.3d 577, 581 (9th Cir. 2020).
10         Under respondent's interpretation of the decision in *Smith*, a petitioner faced with an
11 ongoing extraordinary circumstance impeding completion of the federal petition either would
12 need to:  (i) prepare and timely file in federal court a shell (i.e. incomplete) petition, later move
13 to amend it, and then seek relation back or equitable tolling on a claim by claim basis, or (ii)
14 file an untimely federal petition that violates case scheduling and risks dismissal and sanctions.
15 But neither equity nor the holding in *Smith* require that in all cases petitioner be bound to these
16 options and the concomitant consumption of extremely scarce judicial resources.  Indeed, in
17 *Holland* the Supreme Court recognized that flexibility is inherent in equity in order to meet
18 new situations that demand equitable intervention.  *See* 560 U.S. at 650.  Moreover, the Ninth
19 Circuit in *Smith* acknowledged that equity is not meant to create blanket, prospective rules, but
20 rather to address case specific circumstances.  *See* 953 F.3d at 590.
21         Notably, respondent does not argue the *Holland* factors in this case and at  least by
22 implication appears to concede that:  (i) petitioner has been reasonably diligent, and (ii) the
23 COVID-19 pandemic is an ongoing extraordinary circumstance.  Respondent also does not
24 even suggest the possibility of prejudice to respondent should the requested relief be granted
25 here.  The court finds absolutely no reason to believe that respondent will suffer prejudice from
26 the short delay of ninety days in the filing of the petition sought by petitioner's counsel here.
27 Nothing suggests any significant impact upon the ability of respondent to oppose any
28 challenges raised by petitioner to his underlying 1996 judgment of conviction.

The COVID-19 pandemic undoubtedly present an extraordinary circumstance impacting petitioner's right to the assistance of appointed habeas counsel in preparing his federal petition. 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); *see also* Local Rule 191(c) (providing for attorney representation in capital habeas cases). Especially so here, as the issues and claims in this proceeding appear to be legally and factually complex. (*See* Doc. No. 20 at 4); *McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (in a pre-AEDPA case stating that "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."), *superseded by statute as recognized in Banister v. Davis*, __U.S.__, 140 S. Ct. 1698, 1707 (2020).[5]

This court finds the unprecedented and ongoing COVID-19 pandemic may be analyzed accurately and in a non-speculative manner prospectively under the Supreme Court's decision in *Holland*. At the time of this order, the courthouses of this district have been closed to the public by General Order for months and will remain so for the foreseeable future, the Judicial Council of the Ninth Circuit has certified that emergency conditions existing in the Eastern

---

[5] Two district courts within the Ninth Circuit have addressed requests for prospective equitable tolling based on the impact of the COVID-19 pandemic following the decision in *Smith* and have reached different conclusions. In one of those cases, the motion for prospective equitable tolling was denied without prejudice and the petitioner was directed to file a shell petition which could later be amended (i.e. the same ruling respondent seeks here). *See Fitzgerald v. Shinn*, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at **4–5 (D. Ariz. June 22, 2020). In that case the court acknowledged the Ninth Circuit's holding in *Beeler* but concluded, without analysis, that the decision in *Smith* "implicitly rejects prospective tolling in this Circuit." 2020 WL 3414700, at *3. In contrast, another court has granted a motion for prospective equitable tolling in the wake of *Smith*, recognizing that "the extraordinary circumstance of the COVID-19 pandemic is ongoing, and at the moment it is preventing [petitioner] from filing a timely amended petition." *Dunn v. Baca*, No. 3:19-cv-00702-MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). For the reasons explained above, the undersigned concludes that the decision in *Beeler* remains binding precedent in this circuit and, accordingly, that prospective equitable tolling is both available and appropriate in light of the showing made by petitioner in this case.

District of California justify the temporary suspension of the 70–day period to bring criminal defendants to trial, and that this court's ability to function as it normally has been severely impaired as a result of the ongoing pandemic. Given these established facts and for the reasons explained above, the court concludes petitioner has shown that notwithstanding the continuing exercise of clearly reasonable diligence, the COVID-19 pandemic makes it unlikely and very well impossible that a complete federal habeas petition in this case can be completed and filed prior to the requested, as tolled, deadline of November 11, 2020. *See also* Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254.

Alternatively, should the undersigned's conclusion that *Beeler* remains binding precedent be later determined to be incorrect, the court affirmatively states that it can now say with certainty that in light of the circumstances noted above, were a motion for equitable tolling to accompany a federal habeas petition filed on November 11, 2020, the court would grant it.

Accordingly,

1. Petitioner's second motion for equitable tolling (Doc. No. 23) is granted. Petitioner shall file his federal habeas petition on or before November 11, 2020; and

2. Except as modified, the October 2, 2019 scheduling order following the initial case management conference (Doc. No. 15) continues in effect.

IT IS SO ORDERED.

Dated:   **August 13, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE