UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WESLEY COWAN,<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of the California State Prison at San Quentin,<br><br>Respondent. | Case No.  1:19-cv-00745-DAD<br><br>DEATH PENALTY CASE<br><br>ORDER (1) GRANTING FURTHER EQUITABLE TOLLING TO AND INCLUDING MAY 11, 2021, and (2) MODIFYING CASE SCHEDULE |

On October 5, 2020, petitioner Robert Wesley Cowan, moved through counsel, to equitably toll the statute of limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action. The motion, petitioner's third, requests that the current, as tolled, petition filing deadline of November 11, 2020, be further equitably tolled to and including May 11, 2021, and that the case scheduling be modified so that respondent's answer be made due six (6) months after filing of an amended federal habeas petition.

Petitioner set the motion for hearing on November 3, 2020 before the undersigned with the understanding the court would rule on the pleadings. Respondent Warden Ronald Davis, through counsel, timely filed his opposition to the motion on October 14, 2020. Petitioner timely filed a reply in support of the motion on October 16, 2020.

1

The court having considered the pleadings and the record finds the pending motion amenable to decision without a hearing. (*See* Doc. No. 32.) For the reasons explained below, the court will grant petitioner's motion for further equitable tolling of the applicable statute of limitations to and including May 11, 2021, and modify the case scheduling in this federal habeas action.

## I. BACKGROUND

The procedural posture of this case, detailed in the court's prior tolling orders, is summarized as follows. (*See* Doc. Nos. 20 & 30.) On August 5, 1996, petitioner was convicted of two first degree murders with the special circumstances of multiple murder and murder during a robbery and burglary, and was sentenced thereafter to death. *See* Kern County Superior Court Case No. 059675A.

The California Supreme Court affirmed petitioner's judgment of conviction and sentence on August 5, 2010. *People v. Robert Wesley Cowan*, 50 Cal. 4th 401 (2010).

On May 15, 2019, the California Supreme Court summarily denied petitioner's state habeas petition. *In re Cowan*, Case No. S158073.

On May 28, 2019, petitioner commenced this federal habeas proceeding brought pursuant to 28 U.S.C. § 2254. The next day, the court granted petitioner's requests for *in forma pauperis* status and appointment of counsel.

On June 6, 2019, the court appointed the Office of the Federal Defender as sole counsel to represent petitioner in this federal habeas proceeding.

On October 2, 2019, the court issued its order setting forth the initial litigation schedule. (Doc. No. 15.)

On March 30, 2020, the court granted petitioner's first motion to equitably toll the limitations deadline under 28 U.S.C. § 2244 from May 15, 2020 to and including August 13, 2020, taking notice of the COVID-19 pandemic at that time and finding that emergency conditions brought about by that pandemic had and would prevent petitioner's timely completion of the petition to be filed in this action notwithstanding the exercise of reasonable diligence on the part of petitioner and his counsel. (Doc. No. 20, at 3-4.)

On August 13, 2020, petitioner filed in this case a 424-page protective petition asserting 24 claims including subclaims, supported by 10 exhibits. *(*Doc. No. 29.)

Also on August 13, 2020, the court granted petitioner's second motion to equitably toll the limitations deadline under 28 U.S.C. § 2244 from August 13, 2020 to November 11, 2020, noting the "unprecedented and ongoing COVID-19 pandemic[,]" and concluding "petitioner has shown that notwithstanding the continuing exercise of clearly reasonable diligence, the COVID-19 pandemic makes it unlikely and very well impossible that a complete federal habeas petition in this case can be completed and filed prior to the requested, as tolled, deadline of November 11, 2020." (Doc. No. 30, at 10-11.)

## II. DISCUSSION

Petitioner now argues that notwithstanding continuing diligent efforts by his defense team, who continue to work on the matter, the unrelenting extraordinary circumstances posed by the ongoing COVID-19 pandemic have and will prevent completion of his amended federal petition by the current, as tolled, deadline of November 11, 2020.

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's

control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file, however, is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (acknowledging that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at *4–5 (S.D. Cal. Feb. 16, 2010).

Here, petitioner points to evidence of the still progressing COVID-19 pandemic including ever increasing numbers of confirmed cases and related deaths. (Doc. No. 31, at 3-4.) Petitioner also points to evidence of ongoing general impacts of extraordinary circumstances as a result of the COVID-19 pandemic noted by the court in its prior tolling orders. (*See* Doc. Nos. 20 & 30.) Continuing without a clear end in sight are governmental and judicial emergencies; various stay-at-home and work-from-home directives; cancellation of prison visits; and limitations upon claim investigation, discovery, travel, in-person meetings and witness interviews, and expert services and consultation. (*See* Doc. No. 31, at 4-5.)

Petitioner points to evidence of ongoing case specific impacts of the extraordinary circumstances of COVID-19 that have and will prevent constitutionally sufficient investigation, development, and presentation of a complete amended federal petition. Still in existence, and without a clear end in sight, are impediments to accessing office resources; travel and in-person client, witness, and interviews with petitioner's prior counsel; in-person evaluation of petitioner by a retained expert; and related claim development. (*See* Doc. No. 31, at 5-6; Doc. Nos. 31-1, 31-2.)

Moreover, petitioner points to the continuing exercise of reasonable diligence by his defense team. (*See* Doc. No. 31, at 6-7.) Particularly, petitioner notes the August 13, 2020, protective petition filed by his counsel.

/////

4

Respondent opposes further equitable tolling of the applicable limitations period. (Doc. No. 33.) Respondent does not contest petitioner's continuing exercise of diligence in the face of both the general and case specific impacts arising from extraordinary circumstances posed by the continuing COVID-19 pandemic. Instead, respondent largely revisits arguments and authorities, previously considered and rejected by the court, that prospective equitable tolling is unavailable in the Ninth Circuit following the decision in *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (*en banc*), rendering the pending motion premature. Particularly, respondent argues that "[b]ecause the potential additional claims that [petitioner] may assert are unknown, it is not yet possible to determine (1) whether he has been reasonably diligent up to the time of filing his claim[s] in federal court," or (2) whether the COVID-19 restrictions "actually did prevent timely filing. *Smith*, 953 F.3d at 595, 598-99." (Doc. No. 33, at 4.) Petitioner goes on to argue that prospective equitable tolling of the limitations period would be speculative. (*Id.* at 5) (citing *Fitzgerald v. Shinn*, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at *2 (D. Ariz. June 22, 2020)). The court declines respondent's invitation to reconsider its prior ruling in this regard.[1]

The court, on facts then before it, has twice found that the COVID-19 pandemic, notwithstanding demonstrable reasonable diligence, has created ongoing extraordinary circumstances sufficient to support prospective equitable tolling of the 28 U.S.C. § 2244 limitations deadline in this case. (*See* Doc. Nos. 20 & 30 and cases cited therein.) Petitioner's pending third motion for equitable tolling likewise proffers evidence that, notwithstanding existing and anticipated reasonable diligence from his defense team, the continuing and ongoing extraordinary circumstances posed by the COVID-19 pandemic have already

---

[1] On August 13, 2020, this court issued its order in this case granting equitable tolling of the limitations period, concluding that *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), remains the law of the Ninth Circuit. Since that order was issued, another district judge of this court has reached that same conclusion. *See Maury v. Davis*, No. 2:12-cv-1043 WBS DB, 2020 WL 5880483, at *1 (E.D. Cal. Oct. 2, 2020).

1  prevented filing of a complete amended federal petition prior to the current as-tolled date of
2  November 11, 2020.
3        The court concludes that at this point in time and on the facts and evidence now before
4  it, the noted extraordinary circumstances arising from the ongoing and unrelenting COVID-19
5  pandemic make the filing of a complete amended federal habeas petition extremely unlikely, if
6  not impossible, for another one hundred eighty (180) days thereafter, notwithstanding
7  counsel's commitment to the continued exercise of reasonable diligence.
8        As was the case with respect to the prior equitable tolling motions in this case,
9  respondent does not argue the *Holland* factors in the context of facts before the court.  Indeed,
10 at least implicitly, respondent appears to concede that:  (i) petitioner has been reasonably
11 diligent, and (ii) the COVID-19 pandemic is an ongoing extraordinary circumstance.
12 Respondent also does not suggest that he would suffer any prejudice should the requested relief
13 be granted.  Moreover, the court finds no reason to believe that respondent would suffer any
14 prejudice from the one hundred eighty (180) day delay in the filing of the amended petition
15 sought by petitioner's counsel here.  Nothing before the court suggests any significant impact
16 upon the ability of respondent to oppose any challenges raised by petitioner to his underlying
17 1996 judgment of conviction.
18       It remains the case that the exceptional and extraordinary circumstances of the COVID-
19 19 pandemic continue to impede petitioner's right to the assistance of appointed habeas
20 counsel in preparing his amended federal petition.  18 U.S.C. § 3599(a)(2); *McFarland v.*
21 *Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings
22 and the seriousness of the possible penalty, an attorney's assistance in preparing a federal
23 habeas corpus petition is crucial and includes a right for that counsel meaningfully to research
24 and present a defendant's claims); *McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (in the pre-
25 AEDPA context, stating that "petitioner must conduct a reasonable and diligent investigation
26 aimed at including all relevant claims and grounds for relief in the first federal habeas
27 petition."), *superseded by statute as recognized in Banister v. Davis*, __U.S.__, 140 S. Ct.
28 1698, 1707 (2020).  The court observes the record lodged in this case spans 16,781 pages

including the 372 page appellate opening brief addressing 20 claims including subclaims; the California Supreme Court's 141 page reasoned opinion affirming petitioner's judgment of conviction and sentence on automatic appeal; and the 222 page state habeas corpus petition asserting 15 claims for relief including subclaims and supported by 50 exhibits totaling 439 pages.  (*See* Doc. No. 16.)

Consequently, the court affirmatively states that it can now say with certainty that in light of the exceptional and extraordinary circumstances recognized above, were a motion for equitable tolling to accompany an amended federal habeas petition filed on May 11, 2021, the court would grant it.

Additionally, current case scheduling in this action provides that respondent shall file his answer to the federal petition, including all substantive and procedural defenses, by not later than six (6) months after the filing date of the petition.  (Doc. No. 15, at 3.)  Petitioner requests that case scheduling be modified so that respondent's answer is due six (6) months after filing of an amended federal habeas petition.  Respondent offers no opposition to that suggestion.  Therefore, the court finds good cause to modify the schedule to provide that respondent's answer, including all substantive and procedural defenses, shall be due by not later than six (6) months after the filed date of the amended federal petition.

Accordingly,

1. Petitioner's third motion for equitable tolling (Doc. No. 31) is granted. Petitioner shall file his amended federal habeas petition on or before May 11, 2021; and

2. Respondent's answer is due six (6) months after filing of an amended federal habeas petition.

IT IS SO ORDERED.

Dated:   **November 6, 2020**

UNITED STATES DISTRICT JUDGE

7