UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WESLEY COWAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RONALD DAVIS, Warden of the California State Prison at San Quentin,<br><br>　　　　Respondent. | Case No.  1:19-cv-00745-DAD<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING FURTHER EQUITABLE TOLLING TO AND INCLUDING NOVEMBER 7, 2021 |

On March 10, 2021, petitioner Robert Wesley Cowan, moved through his counsel, to equitably toll the statute of limitations deadline under 28 U.S.C. § 2244 for the filing of his amended federal habeas petition in this action.  The motion, petitioner's fourth, requests that the current, as  tolled, amended petition filing deadline of May 11, 2021 be further equitably tolled to and including November 7, 2021, with respondent's answer due six (6) months after filing of the federal habeas amended petition.

Petitioner set the motion for hearing on April 20, 2021 before the undersigned with the understanding the court would rule on the pleadings.  Respondent Warden Ronald Davis, through counsel, timely filed his response to the motion on March 23, 2021.  Petitioner timely filed a reply in support of the motion on March 26, 2021.

/////

Having considered the pleadings and the record, the court finds the pending motion amenable to decision without a hearing. (*See* Doc. No. 37.) For the reasons explained below, the court will grant petitioner's motion for further equitable tolling of the applicable statute of limitations to and including November 7, 2021.

## I. BACKGROUND

The procedural posture of this case, detailed in the court's prior tolling orders, is summarized here.

On August 5, 1996, petitioner was convicted of two first degree murders with special circumstances of multiple murder and murder during a robbery and burglary, and sentenced to death. Kern County Superior Court Case No. 059675A.

On August 5, 2010, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on direct appeal. *People v. Robert Wesley Cowan*, 50 Cal. 4th 401 (2010).

On May 15, 2019, the California Supreme Court summarily denied petitioner's state habeas petition. *In re Cowan*, Case No. S158073.

On May 28, 2019, petitioner commenced this federal habeas proceeding pursuant to 28 U.S.C. § 2254. The next day, the court granted petitioner's requests for *in forma pauperis* status and appointment of counsel.

On March 30, 2020, the court granted petitioner's first motion seeking equitable tolling of the statute of limitations deadline for the filing of the petition under 28 U.S.C. § 2244 from May 15, 2020 to and including August 13, 2020, taking notice of the COVID-19 pandemic at that time and finding that emergency conditions brought about by that pandemic had and would prevent petitioner's timely completion of the petition to be filed in this action notwithstanding the exercise of reasonable diligence on the part of petitioner and his counsel.

On August 13, 2020, petitioner filed in this case a 424-page protective petition asserting 24 claims for federal habeas relief including subclaims, supported by 10 exhibits.

Also on August 13, 2020, the court granted petitioner's second motion to equitably toll the limitations deadline of 28 U.S.C. § 2244 from August 13, 2020 to November 11, 2020,

observing the unprecedented and ongoing COVID-19 pandemic at that time and concluding that conditions brought about by that pandemic had and would prevent petitioner's timely filing of a complete federal habeas petition in this action notwithstanding the exercise of reasonable diligence on the part of petitioner and his counsel.

On November 6, 2020, the court granted petitioner's third motion to equitably toll the limitations deadline of 28 U.S.C. § 2244 from November 11, 2020 to May 11, 2021, observing the continuing and ongoing extraordinary circumstances posed by the COVID-19 pandemic and concluding that on the facts and evidence then before it, the pandemic had and would prevent petitioner's timely filing of a complete federal habeas amended petition in this action notwithstanding the exercise of reasonable diligence on the part of petitioner and his counsel.

## II. DISCUSSION

Petitioner now argues that notwithstanding continuing diligent efforts by his counsel and defense team, who continue efforts at reviewing records, identifying areas of claim investigation and development, and consulting experts, the extraordinary circumstances posed by the COVID-19 pandemic have and will impede the investigation, development and presentation of a compete federal habeas amended petition for an additional one hundred-eighty (180) days.  (Doc. No. 36, at 6-7; *see also* Doc. Nos. 36-1 through 36-6.)

Petitioner observes that the pandemic, while relenting somewhat in recent weeks, remains widespread, with dramatic increases at home and abroad in COVID-19 infections and deaths over the past year.  (Doc. No. 36, at 3-4.)  He also notes the emergence of dangerous COVID-19 variants.  (*Id.*, at 5.)  Petitioner observes that continuing COVID-19 states of emergency and related limitations upon: (i) prison visits, (ii) access to and discovery of public and private records and information, (iii) travel, (iv) in-person meetings and interviews with petitioner and witnesses, and (v) expert services retention and consultation.  (Doc. No. 36, at 5-6; Doc. Nos. 36-1 through 36-6; *see also* Doc. Nos. 20, 30, 35.)  He reports that, while some members of his defense team have been vaccinated against COVID-19, others have not.  (Doc. No. 36, at 7-8.)

/////

1     Respondent opposes further equitable tolling of the applicable limitations period.  He
2 reasserts argument, previously considered and rejected by the court, that prospective equitable
3 tolling is unavailable in the Ninth Circuit following the decision in *Smith v. Davis*, 953 F.3d
4 582 (9th Cir. 2020) (*en banc*), rendering the pending motion premature.  (Doc. No. 38, at 2.)
5 Nonetheless, he acknowledges the court's previous rejection of this argument (Doc. No. 38, at
6 2, citing Doc. No. 35, at 5), and states that:

7/8/9/10
> In the event that this Court again rejects Respondent's argument, then based on the ongoing COVID-19 pandemic, the information set forth in Petitioner's motion (Dkt. 36), and counsel's declaration (Dkt. 36-1), Respondent does not oppose equitable tolling for a period of 180 days, commencing on May 11, 2021, with regard to any claims not already barred by the statute of limitations. *See* 28 U.S.C. § 2244.

11 (Doc. No. 38, at 2.)

12     "A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been
13 pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way
14 and prevented timely filing."  *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*)
15 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Espinoza-Matthews v.*
16 *California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S.
17 408, 418 (2005)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th
18 Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under
19 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it
20 impossible to file a petition on time), *partially overruled on other grounds by Calderon v.*
21 *United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other*
22 *grounds by Woodford v. Garceau*, 538 U.S. 202 (2003).

23     In addition, there must be a causal link between the extraordinary circumstance and the
24 inability to timely file the petition.  *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013)
25 ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's
26 control make it impossible to file a petition on time and the extraordinary circumstances were
27 the cause of the prisoner's untimeliness.").  A literal impossibility to file, however, is not
28 required.  *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling

4

1 is appropriate even where "it would have technically been possible for a prisoner to file a
2 petition," so long as the prisoner "would have likely been unable to do so.").

3       Equitable tolling is limited to rare and exceptional circumstances and typically applied
4 sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th
5 Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of
6 diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107
7 (9th Cir. 1999); *see also Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required
8 is what a reasonable person might be expected to deliver under his or her particular
9 circumstances). Among the factors that courts have considered relevant in deciding whether
10 equitable tolling of the limitations period is appropriate are the complexity of the legal
11 proceedings and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case
12 No. 09-cv-0388 L (NLS), 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

13       Here, the court finds that at this point in time and on the facts and evidence now before
14 it, the noted extraordinary circumstances arising from the ongoing COVID-19 pandemic make
15 the filing of a complete federal habeas amended petition extremely unlikely, if not impossible,
16 for another one hundred eighty (180) days, notwithstanding the existing and anticipated
17 exercise of reasonable diligence by petitioner and his counsel.

18       Respondent does not argue the *Holland* factors in the context of facts and evidence
19 before the court. Indeed, at least implicitly, respondent appears to concede that: (i) petitioner
20 has been reasonably diligent, and (ii) the COVID-19 pandemic is and will continue to be an
21 extraordinary circumstance. (Doc. No. 38, at 2.) Nor does respondent suggest he would suffer
22 any prejudice should the requested relief be granted. The court finds no reason to believe that
23 respondent would suffer any prejudice from the one hundred eighty (180) day delay in the
24 filing of the amended petition sought by petitioner's counsel here. Nothing before the court
25 suggests any significant impact upon the ability of respondent to oppose any challenges raised
26 by petitioner to his underlying judgment of conviction.

27       The court declines respondent's invitation to reconsider its prior ruling rejecting his
28 argument that prospective equitable tolling is unavailable as a matter of law. Respondent

provides no basis for reconsideration of this court's prior orders addressing and rejecting that contention. *See* Fed. R. Civ. P. 60(b); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice); *see also* Local Rule 230(j).

The court, having three-times granted COVID-19 related equitable tolling in this case on facts then before it, concludes the exceptional and extraordinary circumstances of the COVID-19 pandemic continue to impede petitioner's right to the assistance of appointed habeas counsel in preparing his federal habeas amended petition. 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); *McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (in the pre-AEDPA context, stating that "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."), *superseded by statute as recognized in Banister v. Davis*, __U.S.__, 140 S. Ct. 1698, 1707 (2020).

Relatedly, the court has previously observed this case involves complex issues and a voluminous record, suggesting that an extensive investigation is required of the defense team. The record lodged in this case spans 16,781 pages including the 372 page appellate opening brief stating 20 claims including subclaims; the California Supreme Court's 141 page reasoned opinion affirming petitioner's judgment of conviction and sentence on automatic appeal; and the 222 page state habeas corpus petition stating 15 claims including subclaims and supported by 50 exhibits totaling 439 pages. (*See e.g.*, Doc. No. 35, citing Doc. No. 16.)

For all of these reasons, the court can say at this time with certainty that in light of the exceptional and extraordinary circumstances recognized above, were a motion for equitable tolling to accompany a federal habeas amended petition filed on November 7, 2021, the court would grant it.

/////

Accordingly,

1. Petitioner's fourth motion for equitable tolling (Doc. No. 36) is granted. Petitioner shall file the federal habeas amended petition on or before November 7, 2021.

2. Respondent's answer, including all substantive and procedural defenses, remains due by not later than six (6) months after the filed date of the federal habeas amended petition.

IT IS SO ORDERED.

Dated: **April 12, 2021**                            /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE