UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WESLEY COWAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>　　　　Respondent.[1] | Case No.  1:19-cv-00745-DAD<br><br>DEATH PENALTY CASE<br><br>ORDER (1) DIRECTING PARTIES TO MEET AND CONFER AND ADVISE THE COURT ON EXHAUSTION ISSUES, and (2) HOLDING IN ABEYANCE PETITIONER'S MOTION FOR FEDERAL STAY PENDING STATE EXHAUSTION |

On November 5, 2021, petitioner Robert Wesley Cowan moved through appointed counsel, Assistant Federal Defenders Jennifer Mann and Alyssa Mack, to stay these federal habeas proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that petitioner may present to the state court four allegedly unexhausted subclaims asserted in his first amended federal habeas corpus petition which was filed pursuant to 28 U.S.C. § 2254 on that same day.

Respondent Warden Ronald Davis, through his counsel Deputy Attorney General Lewis Martinez, timely filed his response to the motion on November 22, 2021.

---

[1] Ron Broomfield, Acting Warden of San Quentin State Prison, is substituted for Ronald Davis, former Warden of San Quentin State Prison, pursuant to Federal Rules of Civil Procedure, Rule 25(d).

1

1    Petitioner timely filed his reply in support of the motion for stay and abeyance on
2 November 29, 2021.  The matter is deemed submitted for a decision.  (*See* Doc. Nos. 17 & 43.)
3    The court, having reviewed the parties' filings, the record and the controlling law, will
4 hold the pending motion itself in abeyance until it makes its determination of the exhaustion
5 status of the claims and subclaims presented in petitioner's first amended petition.  *See*
6 *Leonard v. Davis*, No. 2:17-cv-0795 JAM AC DP 2019 WL 1772390, at *5 (E.D. Cal. Apr.
7 23, 2019), *report and recommendation adopted Leonard v. Davis*, No. 2:17-cv-0796 JAM AC
8 DP 2019 WL 2162980 (E.D. Cal. May 17, 2019) ("It was incumbent upon petitioner to not
9 submit an exhaustion petition until he learned which claims required further exhaustion in
10 respondent's view, and until the federal court had an opportunity to weigh in on that
11 question."); *Letner v. Davis*, No. 1:18-cv-01459 NONE SAB 2020 WL 2792980, at *6 (E.D.
12 Cal. May 29, 2020), *adopted by, stay granted by, remanded by Letner v. Davis*, No. 1:18-cv-
13 01459-NONE-SAB 2020 WL 3893691 (E.D. Cal., July 10, 2020) (same).
14    Petitioner has agreed to this course of action.  (Doc. No. 46, at 9.)  Respondent has not
15 addressed the exhaustion status of the remaining claims in petitioner's first amended petition.
16 *See* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion
17 requirement or be estopped from reliance upon the requirement unless the State, through
18 counsel, expressly waives the requirement."); *Mosley v. Braughman*, No. CV 17-9149-PA
19 (KS) 2018 WL 6112746, at *5 (C.D. Cal. Oct 16, 2018) *report and recommendation adopted*
20 *Mosley v. Braughman,* No. CV 17-9149-PA (KS) 2018 WL 6106372 (C.D. Cal. Nov. 21,
21 2018) (respondent must expressly waive exhaustion); *cf. Menendez v. Terhune*, 422 F.3d
22 1012, 1026 n.5 (9th Cir. 2005) ("[B]ecause the State has not argued that the claim is
23 unexhausted, we proceed to the claim on its merits.")
24    Accordingly, counsel for the parties, by not later than thirty (30) days following the
25 service date of this order, are directed to meet and confer and then file a joint statement
26 addressing their respective positions as to which claims and subclaims asserted in petitioner's
27 first amended federal habeas corpus petition are exhausted, partially exhausted, or unexhausted.
28 Thereafter, the court will determine the exhaustion status of the first amended petition.

Petitioner's pending motion seeking stay and abeyance pursuant to the decision in *Rhines v. Weber* will itself be held in abeyance until after the court's determination with respect to the exhaustion status of petitioner's claims and subclaims.

IT IS SO ORDERED.

Dated: __December 8, 2021__  
                                         /s/ Dale A. Drozd  
                                         UNITED STATES DISTRICT JUDGE